IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHILLIP HARRISON                                                                                  PLAINTIFF

v.            Civil No. 4:11-cv-04052

SHERIFF RON STOVALL;
DUANE CANNON; MARTY
BRAZZELL; AND JOHNNY WELCH                                   DEFENDANTS

**AMENDED REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Phillip Harrison, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Separate Defendants': Motion for Summary Judgment (ECF No. 22); Brief in Support of Their Motion for Summary Judgment (ECF No. 23); and Statement of Facts (ECF No. 24). Plaintiff responded with: Objections to Separate Defendants' Motion for Summary Judgment and Dismissal (ECF No. 31); a Brief in Support of his Objections (ECF No. 32); and Statement of Facts (ECF No. 33). Separate Defendants then replied to Plaintiff's Statement of Facts. ECF No. 36. Plaintiff responded to Separate Defendants' Reply with further Objections. ECF No. 37. Finally, Separate Defendants filed a Supplement to Motion for Summary Judgment correcting unrelated party names inadvertently included in their motion and

1

briefing. ECF No. 40. After considering all of the briefing the undersigned makes the following Report and Recommendation.[1]

I.   BACKGROUND

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. Plaintiff alleges his constitutional rights were violated when Separate Defendants, Sheriff Ron Stovall, former Warden Duane Cannon, Warden Marty Brazzell, and Sergeant Johnny Welch, denied him access to the courts. As this case is before the Court on Separate Defendants' Motion for Summary Judgment, the Court will recite the facts as pled by the non-moving party, the Plaintiff. Plaintiff has brought this action against Separate Defendants in both their official and individual capacities. ECF No. 1.

Plaintiff was incarcerated at the MCDC in March 2011 awaiting sentencing. ECF No. 1, p. 4. Plaintiff was sentenced in April 2011 and remained at MCDC until he could be transported to the Arkansas Department of Corrections ("ADC") on August 18, 2011. ECF No. 31, p.1. Plaintiff alleges Separate Defendants denied him access to the courts from March 11, 2011 until August 18, 2011. ECF No. 31, p. 1.

Specifically, in his Complaint, Plaintiff states: (1) Sergeant Welch denied him access to writing paper, envelopes, legal information, and law books despite several requests; (2) he made several requests to do legal research for his criminal case with no response; (3) Separate

---

[1] Plaintiff initially requested a questionnaire from the Court to assist him in his response to Separate Defendants' Motion for Summary Judgment (ECF No. 26), but he then submitted the above cited Objections and Responses. The Court finds Plaintiff's responses are comprehensive and sufficient, therefore, the Court need not propound a questionnaire to Plaintiff and may proceed with this report and recommendation.

2

Defendants Sergeant Welch, Captain Brazzell, Warden Cannon, and Sheriff Stovall were made aware of his situation through the written grievance procedures; (4) he was unable to participate in his criminal proceedings prior to sentencing and after sentencing because he could not access any law books or legal material; (5) he spoke with Captain Brazzell regarding this situation on several occasions with no resolve; (6) he was unable to communicate with the family court regarding a pending custody matter over his daughter; (7) he was denied photocopying privileges; (8) he was unable to withdraw his tendered guilty plea because of Separate Defendants' actions; (9) he was only allowed two sheets of writing paper and two envelopes once a week even though he requested more; (10) he sent a grievance letter directly to Sheriff Stovall, but Sheriff Stovall passed it on to Warden Cannon; (11) his grievances regarding legal material request were not answered; (12) there were no notary services available; (13) Separate Defendants sabotaged several of Plaintiff's pending cases; and (14) there are no desks or chairs in the cells at MCDC. ECF No. 1, pp. 5-6.

On April 27, 2011, Plaintiff asked for a transfer to a facility in the ADC at the earliest opportunity. In the request, Plaintiff explained that he needed to be in a facility with access to the courts via a law library in order to work on his the post-conviction stage of his criminal case. Sergeant Welch responded that the ADC determines when inmates are transferred. ECF No. 1, p. 14.

On May 2, 2011, Plaintiff filed a grievance. In the grievance he stated that he is entitled to access to the courts, had not received requested legal paper and envelopes, was unable to file motions, write to the judge, or timely review his sentencing. He also requested a transfer to a facility with a law library. Sergeant Welch replied: "We are a short term facility. Your attorney

3

or public defender can get you your materials. We do not have to furnish a law library per Warden." ECF No. 1, p. 13.

On May 3, 2011, Plaintiff submitted a request for legal information. Specifically, he requested the addresses of the Arkansas Bar Association and the United States District Court and indigent writing paper and envelopes. Plaintiff received both addresses he requested but the paper and envelopes were not mentioned. ECF No. 1, p.11.

On May 4, 2011, Plaintiff submitted an additional grievance. In this grievance, Plaintiff's stated the warden, captain, and officers of MCDC were obstructing and abridging his access to the courts, he is entitled to access to the courts, and he needs to do legal research to file motions. Sergeant Welch responded: "Per the Warden. We are a short term facility and do not have to have a law library. If you have an attorney or public defender they can get you what you need. We are not allowed to make copies for any inmates. If you are indigent there is [sic] envelopes and paper that is [sic] in the Indigent Bag." ECF No. 1, p. 12.

On May 18, 2011, Plaintiff wrote a complaint letter to Sheriff Stovall. In this letter Plaintiff stated, Warden Cannon, Captain Brazzell, and Sergeant Welch had denied him access to the courts since March 2011 by not providing him "legal materials, writing paper, envelopes, access to law books, legal info, and legal research opportunity . . . ." Plaintiff also complained of the lack of photocopies. ECF No. 1, p. 9.

On May 24, 2011, Warden Cannon responded to Plaintiff's complaint letter to Sheriff Stovall. In his response, Warden Cannon explained to Plaintiff that he went to court on April 12, 2011 represented by attorney Jason Mitchell, he plead guilty, and was sentenced to six years in the ADC. Warden Cannon also explained to Plaintiff that the MCDC did not have a library, but

4

Plaintiff was on the transfer list and the ADC would supply him with all of the legal material he requested. ECF No. 1, p. 8.

## II. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-2 (1986), and a fact is material if it affects the outcome of the case, i*d.* at 248. The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson,* 477 U.S. at 256; *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Plaintiff claims that Separate Defendants "unconstitutionally deprived [him] of access to the [c]ourts by denying him access to law books, legal information, legal supplies, notary services, [and] impeded and hindered his access to the courts." ECF No. 32, p. 1. Plaintiff's claims relate to a matter he had pending before a Bowie County Texas court and his criminal proceedings during

both his pre-sentence and post-conviction incarceration. There is also an issue regarding alleged grievance procedure claims. Finally, Plaintiff appears to make a conditions of confinement claim in his Complaint that is not addressed by either party in the summary judgment briefing.

As a preliminary matter, the Court notes that Plaintiff has sued Separate Defendants in both their official and individual capacities. Separate Defendants did not address any distinction between official and individual capacity claims in their Motion for Summary Judgment, but instead advocated for dismissal of all of Plaintiff's claims based on the assertion that he failed to state claims of constitutional violations cognizable under Section 1983. In this Report and Recommendation, the Court will only address those arguments presented by Separate Defendants in their Motion for Summary Judgment.

A. **Access to the Courts**

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). Instead, prison officials must provide inmates with "meaningful access to the courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers , private lawyers on contract with the prison, or some combination of these and other methods). However, an inmate has no standing to pursue an access claim unless

he can demonstrate that he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on an access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted).

The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996)(citing *Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds v. Smith,* 430 U.S. at 824-5.

  i. **Family Court**

Separate Defendants argue that Plaintiff's claim regarding access to the Family Court of Bowie County is not actionable under Section 1983. ECF No. 23.

Plaintiff asserts he was denied access to the Family Court of Bowie County ("Family Court"). ECF No. 31, ¶ 3. Specifically, Plaintiff alleges: he was denied legal material needed to address the Family Court regarding a custody battle over his daughter (ECF No. 31, ¶ 3); and the two sheets of lined paper and two envelopes he "sometimes received every week or two" were not

7

sufficient for his legal needs (ECF No. 32, p. 1).

Plaintiff's constitutional right to access to the courts does not encompass access to all types of court proceedings. *Bounds*, 430 U.S. at 827 (the Supreme Court was concerned with "original actions seeking new trials, release from confinement, or vindication of fundamental civil rights"). In *Cody v. Weber*, the Eighth Circuit Court of Appeals noted that the Supreme Court has "determined that the right of access to the courts guarantees an inmate the ability to file lawsuits that directly or collaterally attack the inmate's sentence or that challenge the conditions of the inmate's confinement, but it does not extend to the right to 'discover grievances' or to 'litigate effectively once in court.'" 256 F.3d 764, 767–8 (8th Cir. 2010) (quoting *Lewis,* 518 U.S. at 354–55). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. at 355.

Accordingly, Plaintiff's has not stated a violation of his access rights cognizable under Section 1983 regarding his proceedings before the Family Court. Plaintiff's claims relating to access to the Family Court fail as a matter of law. Separate Defendants' Motion for Summary Judgment should be **GRANTED** as to Plaintiff's claim regarding access to the Family Court.

### ii. Criminal Proceedings - Pre-sentence

Separate Defendants argue, pursuant to *Bounds,* an inmate does not have the right to access a law library to assist his attorney in defense of criminal charges. Because Plaintiff was represented during his criminal proceedings and sentencing he was not, according to Separate Defendants, entitled to law library access. ECF No. 23, p. 4.

Plaintiff was represented by an attorney in his criminal proceedings before and including his sentencing. Despite this representation, Plaintiff claims he was denied access to the courts

8

prior to his sentencing. Specifically, Plaintiff argues he was: (1) denied access to the courts from March 2011 to August 18, 2011 (ECF No. 31, p. 1.); (2) unable to present evidence in his criminal case (ECF No. 32, p. 1); (3) unable to withdraw a tendered guilty plea because he did not have sufficient writing paper and envelopes to communicate with the courts (ECF No. 31, ¶ 4; ECF No. 32, p. 5); and (4) unable to communicate with his attorney because he did not have sufficient writing paper and envelopes (ECF No. 31, ¶ 4; ECF No. 32, p. 5).

Separate Defendants are correct in their assertion that Plaintiff is not entitled to both adequate assistance of counsel and adequate access to a law library. *Bounds*, 430 U.S. at 828 ("the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."); *United States v. Kind,* 194 F.3d 900, 905 (8th Cir.1999). The provision of adequate legal assistance to an inmate satisfies his access rights and relieves the prison from providing access to a law library. *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995). However, according to the Eighth Circuit, the term "adequate" as used in *Bounds* to modify "assistance from persons trained in the law" refers to the adequacy of the inmates access to counsel or other law-trained assistance. *Id.* (citing *Quam v. Minnehaha County Jail,* 821 F.2d 522, 523 (8th Cir. 1987) (per curiam) (regular access to a court-appointed attorney satisfies a Section 1983 plaintiff's access rights)). Accordingly, the issue here is whether Plaintiff's access to his attorney during the pre-sentence phase of his criminal proceedings was adequate and therefore, satisfied his access rights.

Plaintiff claims he was unable to contact his attorney because of the insufficient amount of writing paper and envelopes provided to him by Separate Defendants. ECF No. 31, ¶ 4; ECF

9

No. 32, p. 5. There are conflicting assertions (sometimes within Plaintiff's own documents) as to how often he received writing paper and envelopes and how much writing paper and envelopes he was given when he did receive it.

In his Complaint, Plaintiff claims he was not allowed "more than 2 sheets of lined writing paper and 2 envelopes, once every 7 days" even though he "requested more writing paper beyond the 2 sheets [and] envelopes . . . ." ECF No. 1, p. 6. In Separate Defendants' Brief in Support of Their Motion for Summary Judgment, they allege that the Plaintiff "as an indigent . . . was provided with two (2) sheets of lined paper and two (2) envelopes a week." ECF No. 23, p. 4.

In Plaintiff's Objection to Defendants' Motion for Summary Judgment and Dismissal, Plaintiff states: "he was denied legal materials to address his court claims and two (2) sheets of lined writing paper and two (2) envelopes every 7 days or, sometimes 14 days upon request were not sufficient for his legal needs . . . ." ECF No. 31, ¶ 3. Plaintiff also alleges Defendants "refused to provide additional writing paper and envelopes beyond the allotted two (2) when requested so he could communicate to the court." ECF No. 31, ¶ 4. In Plaintiff's Brief in Objection to Defendants' Motion for Summary Judgment and Dismissal, Plaintiff alleges: "the two (2) sheets of lined paper and two (2) envelopes that he sometimes received every week or two, were not sufficient for his legal needs," and Separate Defendants "refused to provide writing paper and envelopes to [Plaintiff] beyond the allotted" amount. ECF No. 32, p. 1. In his Brief, Plaintiff goes on to allege he "was hindered in his communication to his attorneys and the courts, and unable to withdraw a plea, due to the [Separate] Defendants [sic] refusal to provide additional writing paper and envelopes causing plaintiff to miss his deadline both pretrial and post conviction status." ECF No. 32, p. 5.

In Plaintiff's Statement of Facts he states, "two (2) sheets of lined paper and two (2) envelopes, that when requested were sometimes given out every week, or two, was not sufficient enough for his legal needs." ECF No. 33, ¶ 5. Furthermore, Separate Defendants "refused to provide writing paper and envelopes beyond the allotted weekly amount." ECF No. 33, ¶ 6. In Separate Defendants' Response to Plaintiff's Statement of Facts, they deny this fact and allege, "as an indigent inmate, Plaintiff was provided with access to paper and envelopes on a weekly basis." ECF No. 36, ¶ 6. In Plaintiff's Objection to Defendants' Response to Plaintiff's Statement of Facts, Plaintiff objects to Separate Defendants' denial and alleges he "was denied access to sufficient enough paper and envelopes beyond the allotted sometime[s] weekly amount that was at times provided . . . ." ECF No. 37, ¶ 4. Additionally, Plaintiff alleges he "was at times given only two (2) sheets of writing paper and two (2) envelopes that when provided was not adequate or sufficient for his legal needs." ECF No. 37, ¶ 5.

Clearly, there are material issues of fact in dispute as to how much writing paper and envelopes Plaintiff was provided for his legal needs.

However, Separate Defendants argue there is no issue of fact as to whether Plaintiff had adequate access to his attorney during the pre-sentence phase of his criminal proceedings because Plaintiff alleges in his Motion to Amend Complaint—filed on September 9, 2011—that it was his attorney who failed to withdraw his guilty plea in a timely manner. ECF No. 23, p. 5.

On September 9, 2011, Plaintiff submitted to the Court a Motion to Amend Complaint and Add Document Exhibit. ECF No. 17. This Motion to Amend sought addition of a hand written document titled "Motion for Post-Conviction Relief Under Rule 37" and including the case style of Plaintiff's criminal case proceedings in Miller County. Plaintiff stated in the document attached

to his Motion to Amend:

> Trial Attorney Jason Mitchell failed to file motion with the court as advised to do so when requested by petitioner in a timely manner. (Motion to withdraw guilty plea.) (April 2011). (Speedy Trial Motion, Feb, 2009)

ECF No. 17, p. 11. Plaintiff concluded the Motion for Post-Conviction Relief Under Rule 37 with a handwritten "Affidavit" that stated:

> The petitioner states under oath that he has read the Foregoing petition For post conviction Relief And that the Facts stated in the petition Are true, correct and complete to the best of petitioner's knowledge and belief.

ECF No. 17, p. 14. The Affidavit was notarized on September 2, 2011. On September 29, 2011, the Court denied Plaintiff's Motion to Amend and instructed him the proper time to submit exhibits to the Court is in connection with a pending motion, a response to a motion, or at a hearing. ECF No. 18, p. 3. On January 9, 2012, Plaintiff filed a second Motion to Amend Complaint attaching the same Motion for Post-Conviction Relief Under Rule 37 document. ECF No. 27. The Court also denied Plaintiff's second Motion to Amend but instructed the Clerk to file the documents Plaintiff attached to the second Motion to Amend, including the Motion for Post-Conviction Relief Under Rule 37, to Plaintiff's response to Separate Defendants' Motion for Summary Judgment. ECF No. 38.

For purposes of summary judgment, conflict in the Plaintiff's statements on the record must be resolved in the favor of the Plaintiff, the non-moving party, "unless the inconsistency represents only an effort by the [non-moving party] to manufacture a sham issue of fact." *Roberts v. Park Nicollet Health Services,* 528 F.3d 1123, 1126 (8th Cir. 2008) (citing *Camfield Tires, Inc. v Michelin Tire Corp.,* 719 F.2d 1361, 1365-66 (8th Cir. 1983)). The Eighth Circuit has directed district courts to "examine inconsistent submissions 'with extreme care,' and limit the grant of

12

summary judgment to cases where a conflict . . . presents 'only sham issues.'" *Roberts,* 528 F.3d at 1127 (quoting *Camfield,* 719 F.2d at 1366). Additionally, the Court recognizes that *pro se* pleadings should be liberally construed and held to less stringent standards when facing a motion for summary judgment. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002).

     Here the conflict arises from Plaintiff's sworn statement to the state court—which he latter submitted to this Court as evidence—that he instructed his attorney to withdraw his guilty plea and the attorney failed to do so (ECF Nos. 17, 27, 33), and Plaintiff's statements, made to this Court in response to Separate Defendants' Motion for Summary Judgment, alleging he was unable to communicate with his attorney in order to instruct him to withdraw the guilty plea (ECF No. 32, p. 5). Even construing Plaintiff's *pro se* pleadings liberally, the Court cannot find a "legitimate reason" for the inconsistency in Plaintiff's statements in response to the Motion for Summary Judgment and his early statement submitted to the Court. *Camfield,* 719 F.2d at 1364-5 (holding that only narrow circumstances exists that allow a party's contradictory statements to raise legitimate factual issues and the statements must not be "inherently inconsistent" with early testimony). Plaintiff's statement in his response to Separate Defendants' Motion for Summary Judgment is inherently inconsistent with his prior sworn statement to the state court. Additionally, the record shows that Plaintiff first submitted a version of facts that served his purpose in his ineffective assistance of counsel claim to the state court and then, when faced with summary judgment on his access to court claim, presented a more favorable version of the facts to this Court. This conduct, along with the inherent inconsistency of the two statements, warrants the conclusion that Plaintiff is attempting to manufacture a "sham" issue of fact in order to survive

summary judgment. *See e.g., Camfield,* 719 F.2d 1361 (8th Cir. 1983). Therefore, I find the issues of fact created by Plaintiff's inconsistent statement are not genuine and thus, do not preclude summary judgment. *Id.* at 1365.

Accordingly, Plaintiff's has not presented genuine issues of material fact as to whether he was denied access to the court in his criminal proceedings at the pre-sentence stage. Separate Defendants' Motion for Summary Judgment should be **GRANTED** as to Plaintiff's claim regarding access to the courts during the pre-sentence phase of his criminal proceeding.

### iii. Criminal Proceedings - Post-conviction

Separate Defendants argue that Plaintiff has not shown any actual injury related to his denial of law library access, therefore, he has not shown his access claim is actionable under Section 1983. ECF No. 23, p. 4-5.

Plaintiff asserts: (1) he was not represented by an attorney after he was sentenced (ECF No. 32, p. 5); (2) he was denied access to the courts from March 2011 through August 18, 2011 (ECF No. 31, p. 1); (3) he was unable to timely file a Rule 37 Motion for Post Conviction Relief ("Rule 37 Motion") in the Circuit Court of Miller County ("Circuit Court") because of Separate Defendants' conduct (ECF No. 31, ¶ 2; ECF No. 32, p. 5); (4) his Rule 37 Motion was denied as untimely (ECF No. 33-3); (5) he was denied additional writing paper and envelopes causing him to miss his deadlines in post conviction status (ECF No. 32, p. 5); and (6) he was injured by this denial which resulted in his current prison sentence (ECF No. 32, pp. 4-5).

According to Plaintiff, if Separate Defendants had a law library or provided him with an alternate resource and adequate writing paper and envelopes, he could have timely filed his Rule 37 Motion with the Circuit Court, the Motion would have been granted, and he would not be

14

incarcerated in the ADC. ECF No. 32, pp. 4-5. Instead, Plaintiff filed his Rule 37 Motion "133 days late"[2] and it was denied as untimely. ECF No. 32, p. 5.

Plaintiff filed his Rule 37 Motion on September 9, 2011. The Honorable Kirk Johnson held:

> Rule 37.2(c)(I) provides that if a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed with the appropriate circuit court within ninety (90) days of the date of entry of the judgment. The Petitioner waited 133 days before seeking relief under the provisions of this rule. The time limitations set under this rule are jurisdictional in nature, and, if they are not met, a trial court lacks jurisdiction to grant post conviction relief . . . Therefore, the issues raised of ineffective assistance of counsel and speedy trial violations (waived by plea) are not considered by the Court based upon the untimeliness of the petition.

ECF No. 33-3, p. 4. Additionally, the Circuit Court did not address Plaintiff's claim that he did not "knowingly or intelligently plead guilty . . . ." ECF No. 33-2. p. 11.

Plaintiff plead guilty on April 12, 2011 and the judgment and commitment orders were entered on April 28, 2011. Plaintiff was required to file his Rule 37 Motion within ninety (90) days of the entry of the judgment. ECF No. 33-3. Plaintiff was incarcerated in MCDC until August 18, 2011—well past his deadline to seek post-conviction relief through a Rule 37 Motion in the Circuit Court.

Separate Defendants did not reply to Plaintiff's assertion that the denial of his Rule 37 Motion satisfies the actual injury requirement in his access claims. Therefore, the Court finds that Plaintiff has met his burden of setting forth specific facts to raise a genuine issue in dispute as to

---

[2] The Court notes that Plaintiff's Rule 37 Motion was not filed 133 days late, but instead filed 133 days after his judgment and commitment order was filed with the Miller County Circuit Clerk. ECF No. 33-3.

15

whether Separate Defendants provided him an opportunity to litigate a claim challenging his sentence in a court of law, which resulted in "actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield,* 511 F.3d at 831.

Furthermore, Plaintiff claims that his denial of sufficient writing paper and envelopes also denied him access to the courts in the post-conviction phase of his criminal proceedings. ECF No. 32, p. 5. Separate Defendants had a responsibility to provide Plaintiff with some ability to draft, notarize, and mail his legal complaints and related correspondence. *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996)(citing *Lewis v. Casey,* 518 U.S. at 350-1). As demonstrated above, there are clearly material facts in dispute as to how much writing paper and envelopes Plaintiff was provided for his legal needs and how this provision impacted Plaintiff's access to the courts throughout his incarceration at MCDC.

Accordingly, Plaintiff has presented genuine issues of material fact as to whether he was denied access to the courts during the post-conviction phase of his criminal proceedings. Separate Defendants Motion for Summary Judgment should be **DENIED** as to Plaintiff's access claim regarding the post-conviction phase of his criminal proceedings.

### B. Grievance Procedures

In their Brief in Support of Motion for Summary Judgment, Separate Defendants address what they believe to be Plaintiff's claim that his constitutional rights were violated by the grievance procedure at the MCDC. ECF No. 23, p. 3. However, in Plaintiff's Objection to Defendants' Motion for Summary Judgment and Dismissal, he states that he did not make any such claim. ECF No. 32, p. 4. Plaintiff explains that he included the statements regarding the grievances he filed and the lack of responses he received to illustrate he has "followed the proper

16

protocol for exhaustion of administrative remedies." ECF No. 31, p. 2.

Accordingly, the Court need not address Separate Defendants' arguments regarding grievance procedures.

### C. Conditions of Confinement

Plaintiff also appears to make a conditions of confinement claim in his Complaint by listing the lack of a chair and desk in the cells at MCDC with his claims as part of his Complaint. ECF No. 1. Separate Defendants did not move for Summary Judgment on this claim and therefore, it remains for resolution.

### IV. CONCLUSION

For the reasons stated, I recommend that Separate Defendants' Motion for Summary Judgment (ECF No. 22) be **GRANTED** in part and **DENIED** in part. Specifically, the Motion should be granted with respect to (1) all access claims regarding Plaintiff's pending matter in the Family Court of Bowie County; and (2) Plaintiff's access claim regarding the pre-sentence phase of Plaintiff's criminal proceeding in Miller County Circuit Court. This leaves for later resolution both the individual and official capacity claims against all Separate Defendants (1) regarding the access claims stemming from the post-conviction phase of Plaintiff's criminal proceedings in Miller county Circuit Court; and (2) his condition of confinement claim.

**The parties have fourteen days from receipt of the amended report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of August 2012.

                                                /s/ Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                UNITED STATES MAGISTRATE JUDGE