IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHILLIP HARRISON                                                                                          PLAINTIFF

VS.                                              CASE NO. 4:11-CV-4052

SHERIFF RON STOVALL, *et al*                                                                  DEFENDANTS

## ORDER

Before the Court is the Amended Report and Recommendation filed August 24, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 43). Judge Bryant has examined Defendants' Motion for Summary Judgment (ECF No. 22) and Plaintiff's Response (ECF No. 31). Judge Bryant recommends granting in part and denying in part Defendants' motion. Defendants have filed an objection to Judge Bryant's report. (ECF No. 44). Plaintiff has not filed objections, and the time for doing so has passed. After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

This lawsuit arose out of certain events that occurred while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. Plaintiff claims that Defendants, Sheriff Ron Stovall, former Warden Duane Cannon, Warden Marty Brazzell, and Sergeant Johnny Welch, violated his constitutional rights by denying him meaningful access to the courts and by providing unsuitable conditions of confinement.  Plaintiff's Complaint includes a lengthy list of events on which he bases his claims, but the essence of his Complaint is that he was denied the following: requests to do legal research; access to law books or any legal

material; sufficient writing paper and envelopes; notary services; photocopying privileges; and desks or chairs in the cells at MCDC. (ECF No. 1).

As a result of being denied these things, Plaintiff brings four claims. The first three claims pertain to his denial of access to the courts, while the fourth is a conditions-of-confinement claim. First, Plaintiff asserts that he was unable to address a matter pending in Family Court related to the custody of his daughter. Second, he claims he was unable to withdraw a tendered guilty plea prior to sentencing in his criminal case. Third, he contends that, after his sentencing, he was denied the opportunity to timely file a Rule 37 Motion for Post-Conviction Relief. Finally, Plaintiff claims that the absence of desks and chairs in the cells at MCDC constituted improper conditions of confinement. Judge Bryant recommends *granting* Defendants' Motion for Summary Judgment as to Plaintiff's first two claims, but recommends *denying* the motion as to Plaintiff's third and fourth claims. Defendants object to Judge Bryant's recommendation on the third and fourth claims.

Defendants argue that—despite their failure to address the issue in their motion—summary judgment is proper as to Plaintiff's third access-to-courts claim because he failed to plead any injury in his Complaint related to the Rule 37 motion. Specifically, they object that it is "not clear how this Court can say that there are remaining issues of fact for a non-existent claim that the Defendants did not even address, for this reason." (ECF No. 44). Defendants point out that Plaintiff first mentioned the untimely Rule 37 motion in his Motion for Leave to Amend (ECF No. 17), which was denied (ECF No. 18).[1] Defendants argue that Plaintiff's attempt to

---

[1] In Plaintiff's Motion for Leave to Amend (ECF No. 17), he sought leave to add to his Complaint a copy of his Rule 37 Motion for Post-Conviction Relief. In Judge Bryant's Order denying the motion, he instructed Plaintiff that the proper time to submit such an exhibit was in response to a motion or at a hearing. As instructed, Plaintiff attached a copy of his Rule 37 Motion for Post-Conviction Relief in response to Defendants' Motion for Summary Judgment. (ECF No. 33).

2

reassert this injury in response to their Motion for Summary Judgment (ECF No. 32) is insufficient as a matter of law.

Defendants are correct in arguing that, to prevail on an access-to-courts claim, a prisoner must show that an actual injury occurred as a result of being denied meaningful access to the courts. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). However, their objection lacks merit. It is well-established that a pleading filed by a *pro se* prisoner requires liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.*

In this case, Plaintiff is a *pro se* prisoner, and the Court construes his claims accordingly. Plaintiff alleges in his Complaint that he was denied access to the courts beginning on March 11, 2011, when he arrived at MCDC. (ECF No. 1). Plaintiff states that his date of conviction was April 12, 2011. (ECF No. 1). Plaintiff further alleges, "[t]o date, defendants continue to hinder and abridge my rights in the post sentencing stage of my confinement." (ECF No. 1).  Liberally construed, these allegations implicate an actual injury in that Plaintiff was prejudiced by not attending to any post-conviction matters while he was being denied access to the courts.  As it happens, Plaintiff's Rule 37 Motion for Post-Conviction Relief was due 90 days from his date of conviction. (ECF No. 33). The timeframe during which Plaintiff alleged a denial of access encompassed this 90-day post-conviction period. (ECF No. 1). Accordingly, these allegations are sufficient to assert a denial-of-access claim.  Because Defendants did not address this claim in their motion, their objection to Judge Bryant's report is not persuasive.

Defendants also object to Judge Bryant's recommendation as to the conditions-of-confinement claim. Specifically, they object that the claim is so frivolous that it should have

been dismissed during the screening process for *pro se* complaints. Defendants also argue that they did not address this claim in their motion because they interpreted it as part of Plaintiff's denial-of-access claims, rather than a stand-alone conditions-of-confinement claim.

Despite Defendants' objection, Plaintiff's claim has survived the screening process for *pro se* plaintiffs. Accordingly, Defendants failure to address the conditions-of-confinement claim in their motion renders their objection to Judge Bryant's report unpersuasive. If Defendants somehow misinterpreted Plaintiff's Complaint, there is no rule or scheduling order in place that prohibits them from addressing Plaintiff's remaining claims in another motion for summary judgment.

Based on the information in Judge Bryant's Report and Recommendation (ECF No. 43), and the reasoning in this Order, the Court adopts Judge Bryant's Report and Recommendation in its entirety. Therefore, Defendants' Motion for Summary Judgment (ECF No. 22) is **GRANTED** as to (1) Plaintiff's denial-of-access claim as it pertains to any Family Court proceeding; and (2) Plaintiff's denial-of-access claim pertaining to his tendered guilty plea. Defendants' Motion is **DENIED** as to (1) Plaintiff's denial-of-access claim related to his untimely Rule 37 motion; and (2) Plaintiff's conditions of confinement claim.

IT IS SO ORDERED, this 17th day of September, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge