IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

PHILLIP HARRISON                                                                                            PLAINTIFF

v.                             Civil No. 4:11-cv-04052

SHERIFF RON STOVALL;
DUANE CANNON; MARTY
BRAZZELL; AND JOHNNY WELCH                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Phillip Harrison, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Separate Defendants' Motion for Partial Summary Judgment. ECF No. 46. Plaintiff responded. ECF No. 50. After considering all of the briefing, the undersigned makes the following Report and Recommendation.[1]

**I.    BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in

---

[1] On November 14, 2012, the Court ordered Plaintiff to complete and attach a Notice informing the Court of whether he would like assistance in responding to Defendants' Motion for Partial Summary Judgment. ECF No. 49. Plaintiff did not return the Notice but he did file a Response on November 26, 2012. ECF No. 50. The Court finds Plaintiff's Response is sufficient.

1

the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. In his Complaint, Plaintiff alleges his constitutional rights were violated when Separate Defendants, Sheriff Ron Stovall, former Warden Duane Cannon, Warden Marty Brazzell, and Sergeant Johnny Welch, denied him access to the courts and also by the conditions of his confinement. Specifically, (1) Plaintiff alleges Separate Defendants denied him access to the courts from March 11, 2011 until August 18, 2011 (ECF No. 31, p. 1) and (2) that the lack of a desk and chair in his cell violated his constitutional rights (ECF No. 1, p. 7).

The Court previously addressed Plaintiff's access to the courts claims relating to Defendants' First Motion for Summary Judgment. ECF Nos. 43 & 45. Accordingly, the only claim to be addressed here is Plaintiff's conditions of confinement claim relating to the lack of a desk and a chair in the cells at the MCDC.

## II. LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all

evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III. DISCUSSION**

Plaintiff claims that the lack of a desk and chair in his cell at the MCDC violated his constitutional rights. Defendants argue that the lack of desk and chair do not rise to the level of the type of extreme deprivation required to form the basis of a section 1983 claim. Plaintiff argues in his response the facts taken in the light most favorable to Plaintiff show there are genuine issues of material facts regarding his desk and chair claim, and therefore, Defendants Motion for Partial Summary Judgment should be denied.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

Plaintiff explains in his Complaint that he was a pretrial detainee in March 2011 and a convicted prisoner in April 2011. ECF No. 1, p. 4. The Court is unclear from the record at which of these times Plaintiff was denied a desk and chair in his cell, but the distinction is inconsequential for purposes of this Report and Recommendation because the Eighth Circuit applies the same deliberate indifference standard to pretrial detainees as applied to convicted inmates. *See Butler v.*

3

*Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (deliberate indifference standard of the Eighth Amendment applies to claims, brought by pretrial detainees and convicted inmates, that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

The record indicates Plaintiff did not have a desk and chair inside his cell at the MCDC . The parties did not offer the Court case law addressing whether denial of a desk and a chair in a cell may violate an inmate's constitutional rights, however, applying the above enumerated standard, other courts have found conditions far worse than the lack of a desk and chair do not rise to the level of

4

a constitutional violation. *See e.g., Rahman X. v. Morgan,* 300 F.3d 970, 974 (8th Cir. 2002) (denial of yard call for three months was not a constitutional violation); *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996) (no constitutional violation when an inmate spent four days in a cell with an overflowing toilet smelling the stench of his own feces and urine); *Williams v. Delo,* 49 F.3d 442, 445 (8th Cir. 1995) (four days in a strip cell with no clothes and the water to the toilet and sink shut off did not deny the inmate the minimal civilized measure of life's necessities).

Further, Plaintiff has failed to present any facts or allegations that denial of a desk and chair denied him of the minimal civilized measure of life's necessities. *See Revels*, 382 F.3d at 875. Moreover, the record is devoid of any facts or allegations that Plaintiff suffered any injuries or that his health was impaired in any way by the lack of a desk and chair in his cell at the MCDC. *See Williams,* 49 F.3d at 446. While Plaintiff may have been inconvenienced by the lack of a desk and chair inside his cell at the MCDC, the conditions alleged do not rise to the level required to violate the Eighth Amendment.

Accordingly, considering the facts in the light most favorable to Plaintiff, his conditions of confinement claim regarding the lack of a desk and chair inside his cell at the MCDC fails as a matter of law.

### IV.    CONCLUSION

For the reasons stated, I recommend that Separate Defendants' Motion for Partial Summary Judgment (ECF No. 46) be **GRANTED.** This leaves for later resolution both the individual and official capacity claims against all Separate Defendants regarding the access to court claims stemming from the post-conviction phase of Plaintiff's criminal proceedings in Miller County Circuit Court.

The parties have fourteen days from receipt of the amended report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **13th day of August 2013.**

                                                /s/ Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              UNITED STATES MAGISTRATE JUDGE