IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


PHILLIP HARRISON                                                              PLAINTIFF


                    v.                    Civil No. 4:11-cv-04052


SHERIFF RON STOVALL;
DUANE CANNON; MARTY
BRAZZELL; AND JOHNNY WELCH                                    DEFENDANTS


### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by Plaintiff, Phillip Harrison, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation on whether any triable issues exist in this matter. An evidentiary hearing was held on March 13, 2014.

The events at issue here, occurred while Plaintiff was incarcerated in the Miller County Detention Center ("MCDC"). Plaintiff is no longer incarcerated. Plaintiff alleges his constitutional rights were violated when Separate Defendants, Sheriff Ron Stovall, former Warden Duane Cannon, Warden Marty Brazzell, and Sergeant Johnny Welch, denied him access to the courts. Plaintiff has brought this action against Separate Defendants in both their official and individual

1

capacities.[1]

## I.   **BACKGROUND AND EVIDENCE**

At the evidentiary hearing, the testimony of the following witnesses was heard: (1) Plaintiff Phillip Harrison; (2) Sheriff Ron Stovall; (3) Marty Brazzell; and (4) Duane Cannon.  For purposes of this Report and Recommendation, the testimony of the witnesses will be briefly summarized. Defendant Welch was not present at the hearing.  The Court noted Plaintiff's objections to this fact.

**Plaintiff Phillip Harrison**

Plaintiff was incarcerated in the MCDC from March 2011 through August 2011.  He entered a guilty plea in his criminal proceedings on April 12, 2011. Plaintiff was indigent while incarcerated.  Plaintiff testified he was not provided paper, envelopes, or legal material while incarcerated in the MCDC.  According to Plaintiff, the MCDC policy allotted two sheets of paper and two envelopes to each inmate every week but sometimes he would not receive this paper and envelopes.  Plaintiff was sometimes denied paper and envelopes when he requested them and sometimes he received them two weeks later.  This practice occurred while Plaintiff was a pretrial detainee and after he was convicted.

Plaintiff also testified he was unable to recant his guilty plea after his conviction because of the inadequate amount of paper and envelopes he received at the MCDC.  Further, Plaintiff's Rule 37 Motion for Post Conviction Relief ("Rule 37 Motion") filed in Miller County Circuit Court ("State Court"), was untimely filed because Plaintiff did not have the paper to write the

---

[1]  Plaintiff's access to court claims relating to a matter in family court and his pre-sentence proceedings, and Plaintiff's conditions of confinement claims were dismissed at summary judgment.  ECF Nos. 45, 52.

courts and he was unable to do legal research at the MCDC.  According to Plaintiff, he was unable to challenge his conviction based on speedy trial issues because of the insufficient paper and envelopes and the lack of law library access.

Plaintiff filed the instant lawsuit while still incarcerated in the MCDC.  Plaintiff testified that he borrowed and traded for paper to file this lawsuit.

Plaintiff also testified that he had a public defender during his criminal proceedings, including his sentencing hearing.  Plaintiff further testified he was given a chance to speak at this hearing prior to his sentencing.  Plaintiff also testified that he informed his public defender that he wanted to withdraw his guilty plea, and that Plaintiff believed there was a speedy trial issue with his criminal case.  Additionally, Plaintiff testified he had no contact with his public defender after the sentencing phase of is criminal proceedings.  Plaintiff also testified he is currently on parol and has a habeas petition pending in this Court.

Defendants' Exhibit 1 is the State Court's Order Denying Plaintiff's Rule 37 Motion ("State Order").  ECF No. 27-3.  Plaintiff was transferred to the Arkansas Department of Corrections in August 2011, and filed the Rule 37 Motion in September 2011.  Plaintiff testified that the July date on the Rule 37 Motion is incorrect because Plaintiff attempted to backdate it.

**Sheriff Ron Stovall**

Sheriff Stovall is the current sheriff of Miller County and was the Sheriff of Miller County while Plaintiff was incarcerated at the MCDC.  Sheriff Stovall testified he did not recall receiving any letters from Plaintiff or forwarding any letters from Plaintiff to the warden.  Sheriff Stovall also testified that he typically dates and initials letters that he receives and then contacts the warden regarding the letters.  Sheriff Stovall does not communicate directly with the inmates in the

MCDC.

**Mary Brazzell**

In 2011 Brazzell was the captain at the MCDC.  Brazzell testified, during the time at issue, each indigent inmate at the MCDC received two envelopes and two sheets of paper each week without the need to request such paper and envelopes.  Brazzell also testified that Plaintiff requested additional paper and envelopes, and this additional paper and envelopes were provided to him on numerous occasions.

Additionally, Brazzell testified he recalls speaking with Plaintiff regarding the materials Plaintiff requested and these requests for materials were primarily after Plaintiff was sentenced.

**Duane Cannon**

Cannon wrote the May 24, 2011 letter at ECF No. 1, p. 8.  This letter refers to Plaintiff's letter to Sheriff Stovall.  Cannon does not recall receiving the letter addressed to Sheriff Stovall.

**Stipulated Facts**

Johnny Welch, a named Defendant, was not present at the evidentiary hearing.[2]  Plaintiff objected to Welch's absence because Plaintiff planned to elicit pertinent testimony from Welch. In an effort to address this issue, I requested Plaintiff explain what facts Plaintiff expected Welch to offer had he been present.  Plaintiff did so.  I then summarized the pertinent testimony given during the evidentiary hearing as: (1) it was the MCDC's policy to provide two sheets of paper and two envelopes to indigent inmates each week; (2) it was the MCDC's policy to not have a law library; (3) Plaintiff did not receive additional paper and envelopes on occasion; (4) Plaintiff did

---

[2] Welch was expected to be present at the evidentiary hearing, however, because Welch's counsel was present to represent him, the Court continued with the evidentiary hearing in his absence.

4

receive two sheets of paper and two envelopes every week and occasionally received additional paper and envelopes.  The parties agreed with the facts as enumerated.  Specifically, Defendants stipulated to the fact that Plaintiff did not receive the additional paper and envelopes he requested on occasion but he did receive two sheets of paper and two envelopes each week.  Plaintiff stipulated that his complaint of not receiving paper and envelopes related to the additional paper and envelopes he requested and was not a claim that he was not receiving the allotment of two sheets and two envelopes per week.  The undersigned went on to clarify with Plaintiff that this Report and Recommendation would assume that Plaintiff's requests for paper and envelopes were requests for additional paper and envelopes above and beyond the two sheets and two envelopes given to him each week.  The Plaintiff had no objection to the undersigned making this assumption.

## II.   DISCUSSION

In his Complaint, Plaintiff claims Separate Defendants denied him access to the courts during his incarceration at the MCDC from March 11, 2011 through August 18, 2011 by failing to provide him adequate paper and envelopes and denying him access to a law library and other legal material.

The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith,* 430 U.S. 817, 828 (1977).  Nevertheless, *Bounds* "did not create an abstract, freestanding right to a law library or legal assistance."  *Lewis v. Casey,* 518 U.S. 343, 351 (1996).  Instead, prison officials must provide inmates with "meaningful access to the

courts," *Bounds,* 430 U.S. at 824, and providing a law library is merely one way to comply with this obligation. *See Bear v. Fayram,* 650 F.3d 1120, 1123 (8th Cir. 2011) (the constitutional requirement of access to the courts may be satisfied in a number of ways including, prison libraries, jailhouse lawyers , private lawyers on contract with the prison, or some combination of these and other methods). However, an inmate has no standing to pursue an access claim unless he can demonstrate that he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis,* 518 U.S. at 351-2; *see also Farver v. Vilches,* 155 F.3d 978, 979-980 (8th Cir.1998) (per curiam); *Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on an access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung,* 984 F.2d 948, 953 (8th Cir. 1993). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008) (citations omitted). The prison must also provide inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith,* 430 U.S. at 824-5; *see also Myers v. Hundley,* 101 F.3d 542, 544 (8th Cir.1996)(citing *Lewis v. Casey,* 518 U.S. at 350-1). The duty to provide such allowances is constrained by the inmates' right of *meaningful* access to the courts. *Bounds v. Smith,* 430 U.S. at 824-5.

The evidence shows Plaintiff was denied access to a law library and that he did not have counsel after he was convicted. However, Plaintiff did have counsel through the sentencing phase

of his criminal proceeding, and he was provided with at least two sheets of paper and two envelopes each week while incarcerated at the MCDC.  There was no evidence to support Plaintiff's contention that the denial of access to the law library or insufficient paper and envelopes injured or prejudiced Plaintiff in any way.

Considering Plaintiff's testimony along with the record in this matter, the Court finds Plaintiff's testimony claiming Defendants' conduct denied him access to the courts is not credible. Plaintiff testified that he was unable to timely file his Rule 37 Motion and withdraw his guilty plea because of the lack of a law library and sufficient paper and envelopes at the MCDC.  The record indicates, however, that Plaintiff was able to file the instant section 1983 lawsuit during the same time frame he claims Defendants' conduct was denying him access to the courts.  Prior to his transfer from the MCDC in August 2011, Plaintiff not only initiated this lawsuit but he filed four separate filings[3] in this matter.  Plaintiff filing in this matter prior to his transfer out of the MCDC totaled twenty-one pages.  Plaintiff further testified that he was able to file this lawsuit and subsequent filings in this Court by borrowing and trading for paper and envelopes.  This testimony is contradictory to Plaintiff's allegation that he did not have enough paper and envelopes to timely file his Rule 37 Motion.  Additionally, the Rule 37 Motion that Plaintiff eventually filed was only thirteen (13) pages—less pages than Plaintiff filed in this Court while incarcerated in the MCDC. Moreover, the documents Plaintiff filed in this matter were not all form documents, yet Plaintiff was able to adequately prosecute this matter while incarcerated at the MCDC without access to a

---

[3] Complaint (ECF No. 1); Motion to Amend (ECF No. 12); Motion to Appoint Counsel (ECF No. 13); and a second Motion to Amend (ECF No. 14).  Plaintiff's address of record was changed from the MCDC to the Arkansas Department of Corrections before he filed any further filings in this matter.  ECF No. 15.

law library.  Accordingly, the Court finds Plaintiff's testimony that Defendants' conduct hindered his access to the courts is not credible.

Moreover, Plaintiff failed to show that Defendants' conduct injured or prejudiced him in any way.  Plaintiff claims that he was prejudiced because he was unable to withdraw his guilty plea and also unable to timely file his Rule 37 Motion.

Pursuant to Arkansas Rules of Criminal Procedure, Plaintiff could have withdrawn his guilty plea as a matter of right before it was accepted by the State Court and at the discretion of the State Court, up to the entry of judgment.  Ark. R. Crim. P. 26.  Plaintiff's only remedy after judgment was to challenge his guilty plea through a Rule 37 Motion.  *See Woods v. State*, 278 Ark. 271, 273 (1983).

Plaintiff testified that he had a public defender during and including the sentencing phase of his criminal proceedings.  Plaintiff also testified that prior to sentencing the judge explained to him his rights regarding his plea agreement and gave Plaintiff an opportunity to speak.  Additionally, the testimony and stipulated facts indicate Plaintiff received at least two sheets of paper and two envelopes each week while incarcerated at the MCDC, during and after his criminal proceedings, and Plaintiff was also able to borrow and trade for additional paper.  Finally, Plaintiff notes in his Rule 37 Motion that he advised his attorney "in a timely manner" to withdraw his guilty plea.  ECF No. 27-2, p. 10.

Accordingly, the evidence on the record shows Plaintiff had ample opportunity and means to withdraw his guilty plea prior to sentencing and the conduct of Defendants did not prejudice or injury Plaintiff by denying him access to the courts regarding this issue.  *See Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008); *see also Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th

Cir.1997) (to prevail on an access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic).

The evidence also fails to support Plaintiff's claim that Defendants' conduct during his postconviction stay at the MCDC prejudiced him by causing him to file his Rule 37 Motion out of time.  As explained above, Plaintiff was able to file the instant lawsuit and adequately prosecute it while he was incarcerated in the MCDC.  The Court finds this evidences Plaintiff was provided access to the courts during his incarceration at the MCDC and it was not Defendants' conduct that prevented Plaintiff from timely filing his Rule 37 Motion.  *See Hartsfield v. Nichols,* 511 F.3d 826, 831 (8th Cir. 2008); *see also Klinger v. Dep't of Corr.,* 107 F.3d 609, 617 (8th Cir.1997) (to prevail on an access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic).

Additionally, while framed as an access to the courts claim, the crux of Plaintiff's claims seeks to challenge his conviction.  In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87.   Plaintiff did not make any allegations that his criminal conviction has been overturned.  A section 1983 claim that would necessarily imply the invalidity of a conviction is premature.  *Id.*  Thus, to the extent Plaintiff's claims challenge his conviction or incarceration they are not cognizable claims under section 1983.

Accordingly, I find that the evidence presented failed to support Plaintiff's claims that he was denied access to the courts in violation of the constitution.  Therefore, Plaintiff's claims fail as a matter of law and there are no triable issues in this matter.

III.    **CONCLUSION**

For the reasons stated herein, I recommend all of Plaintiff's official and individual capacity claims against Separate Defendants Sheriff Ron Stovall, Warden Cannon, Captain Brazzel, and Sgt. Johnny Welch be **DISMISSED** with prejudice and this case be dismissed.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **17th day of July 2013.**


/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE